**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| NATISSISA ENTERPRISES, LTD., <br><br> Plaintiff, <br><br> v. <br><br> BROAD INSTITUTE, <br><br> Defendant. | MBD No.:   19-91124 <br><br><br> **MOTION TO COMPEL <br> AND ENFORCE SUBPOENA** <br><br><br> <u>**REQUEST FOR SPECIAL ACTION**</u> |

Plaintiff Natissisa Enterprises, Ltd. ("Plaintiff") respectfully requests an order, pursuant to Federal Rule of Civil Procedure 45, compelling Defendant Broad Institute ("Broad") to comply with Plaintiff's subpoena to produce documents (the "Subpoena"). Plaintiff served Broad with the Subpoena on February 20, 2019. Broad served a formal objection to the Subpoena on March 5, 2019, refusing to produce documents, but indicating that they were willing to discuss the scope of the subpoena. After additional correspondence, Broad produced 11 pages of documents, but refuses to produce any additional materials. Judicial intervention is necessary.

<u>**BACKGROUND**</u>

This action arises from a separate matter pending before the United States District Court for the Southern District of California styled *In re Illumina Inc. Securities Litigation*, No. CV-03044-L (S.D. Cal.) (the "Securities Action"). A copy of the operative pleading is attached hereto as **Exhibit A**. The Securities Action is a class action lawsuit asserting claims under the federal securities laws against Illumina, Inc. ("Illumina"), and certain of its officers. Discovery is well underway with a fact discovery deadline of July 31, 2019. Broad is one of Illumina's largest customers and, given the subject matter of the Securities Action, possesses relevant information.

The Securities Action arises from statements made by Illumina and its officers about its anticipated third quarter revenue and earnings in 2016. Plaintiff alleges that on July 26, 2016 and September 13, 2016, Illumina represented to a class of Illumina shareholders (including Plaintiff) that its revenue for the third quarter would be between $625 million and $630 million. On October 10, 2016, Illumina revealed that its third quarter revenue was only $607 million. Plaintiff alleges fraud. *See In re Illumina, Inc.*, No. 3:16-cv-3044-L-KSC, 2018 U.S. Dist. LEXIS 10938 (S.D. Cal. Jan. 22, 2018) (denying in part defendants motion to dismiss under Rule 12(b)(6)). Illumina has represented during the course of discovery that it failed to meet its revenue targets because of a sales opportunity to Broad that failed to materialize. A copy of Illumina's interrogatory response in the Securities Action asserting this defense is attached hereto as **Exhibit B**.

In an effort to obtain discovery pertaining to Illumina's defense, Plaintiff served a subpoena on Broad for the production of documents. A copy of Plaintiff's subpoena (and proof of service) is attached hereto as **Exhibit C**. The Subpoena requires Broad to produce "Documents and communications relating to your decision whether or not to purchase Illumina, Inc. sequencing instruments between July 26, 2016, and October 10, 2016, inclusive."

Broad responded to the Subpoena via letter on March 5, 2019. A copy of Broad's response to the Subpoena is attached hereto as **Exhibit D**. Broad's response consists of a single page of objections, and indicated that Broad would not be producing "any documents in response to the Subpoena." Broad bases its refusal to provide documents primarily on two objections: (i) Broad claims that the Subpoena is "overbroad and unduly burdensome, and seeks documents that are not relevant to the Action;" and (ii) the documents could potentially seek "confidential, proprietary, and commercially sensitive documents," or documents "protected from discovery by the attorney-

client privilege, the work product doctrine, the common interest privilege or any other privilege or immunity from discovery."

Notwithstanding Broad's objections, it agreed to produce a limited set of documents in an attempt to convince Plaintiff that it did not have any relevant information to the Securities Action. On March 28, 2019, Broad produced a total of 11 pages of documents. The documents are marked "Confidential" and are subject to a Confidentiality Agreement in the Securities Action. Suffice it to say, the documents did not show that Broad did not possess relevant information; to the contrary, the documents suggested that Broad were withholding a significant amount of highly relevant materials.

Plaintiff requested Broad's compliance with the subpoena later that night on March 28, 2018. In pertinent part, Plaintiff explained to Broad that the documents did not include any correspondence prior to a certain date and that without a firm commitment to comply with the subpoena Plaintiff would need to file the instant motion.

Broad responded on March 31, 2018, refusing to produce any further materials on the basis that it had "not received any explanation as to how Broad's internal documents have any bearing on any claim or defense in the underlying action, and do not see any basis for any further production by our client."

A copy of Plaintiff's March 28 correspondence with Broad, and Broad's March 31 response, is attached hereto as **Exhibit E**.

## ARGUMENT

### A.     The Material Plaintiff Seeks from Broad Is Highly Relevant to Plaintiff's Case in the Securities Action.

Broad is likely to have information relevant to Plaintiff's allegations. Illumina failed to meet its third quarter guidance, in part due to the inability to make a large sale to Broad. *See* Exhibit

B at 3-4. Broad will be able to provide materials shedding light on whether and when Illumina knew that the sale was not going to materialize or, alternatively, whether and to what extent Illumina should have depended on the sale when discussing its expected third quarter revenue with the public on July 26, 2016 and September 13, 2016. Additionally, the requested documents are likely to reveal the true reasons why Broad did not purchase products from Illumina and/or when those reasons were first communicated to Illumina. Evidence of the details surrounding Broad's cancellation or deferral of products from Illumina is thus highly relevant to the Securities Action.

### B.      Broad's Objections to the Subpoena Should Be Overruled.

Rule 45 provides a limited number of reasons to avoid compliance with a subpoena. Of those reasons, only two are arguably relevant here: when compliance would "impos[e] undue burden or expense" or when compliance could result in the disclosure of "a trade secret or other confidential research, development, or commercial information." FED. R. CIV. P. 45(d). "In determining whether a subpoena presents an undue burden on a non-party, the Court considers (1) the relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; (6) the burden imposed; and (7) the expense and inconvenience to the non-party." *LSI Corp. v. Vizio, Inc.*, No. 12-mc-91068-DJC, 2012 U.S. Dist. LEXIS 83657, at *7 (D. Mass. May 24, 2012). The party claiming "undue burden" bears the burden of showing that it in fact would face an "undue burden" if forced to comply. *Thomas & Betts Corp. v. New Albertson's, Inc.*, No. 10-11947-DPW, 2013 U.S. Dist. LEXIS 190928, at *16-17 (D. Mass. July 11, 2013).

Broad's objections to the Subpoena do not justify the course of action Broad has chosen. To the extent that Broad argues that it has satisfied its obligations by producing 11 pages of

documents, its production falls short. Broad claims that the Subpoena is "overly broad and unduly burdensome, and seeks documents that are not relevant to the Action." However, Broad gives absolutely no reason why the request is overly broad or unduly burdensome. Plaintiff has requested a *single* category of documents related to one type of product for under a three month period of time. It is hard to imagine how Plaintiff's request could be more specific or narrowly tailored.

Broad faces no "undue burden" in producing these documents. As explained above, the information sought is highly relevant to the issues in the Securities Action. Moreover, Broad's claim of "undue burden" is belied by the fact that a limited number of its employees dealt with Illumina, which means that searching the email of a limited number of people for a narrow time period of only a few months (July 2016 through October 2016) would not take long or result in disproportionate expenses. Broad's claims of "undue burden" are insufficient to justify its noncompliance with the Subpoena. *See CSX Transp., Inc. v. ABC&D Recycling, Inc.*, No. 2011-30268-FDS, 2016 U.S. Dist. LEXIS 21922, at *8-10 (D. Mass. Feb. 23, 2016) (ordering compliance with subpoena where party resisting discovery failed to establish "undue burden" and notwithstanding fact that documents were available from another source); *Thomas & Betts Corp.*, 2013 U.S. Dist. LEXIS 190928, at *17-20 (ordering deposition of non-party insurer and allowing questioning regarding insurer's internal evaluation of claims submitted by insured); *Confederate Motors, Inc. v. Terny*, No. 11-10213-JGD, 2012 U.S. Dist. LEXIS 23485, at *4-6 (D. Mass. Feb. 24, 2012) (ordering compliance with subpoena where party objecting to discovery failed to establish that information in his possession was obtainable by alternative means).

Finally, Broad objects to the Subpoena to the extent "it seeks confidential, proprietary, and commercially sensitive documents, as well as documents protected from discovery by the attorney-client privilege, the work product doctrine, the common interest privilege, or any other privilege

or immunity from discovery." However, Broad is again silent as to how Broad's decision to purchase products from Illumina is protected by any privilege whatsoever.

Even if some of the materials to be produced by Broad under the Subpoena contain trade secrets or other proprietary information, a confidentiality order protecting the public disclosure of Broad's documents is already in place in the Securities Action. This protective order applies to any materials Broad produces in response to the Subpoena. A copy of the confidentiality order, which is attached hereto as **Exhibit F**, was produced to Broad. Broad's concern over the risk of disclosing confidential information is unfounded and does not justify its noncompliance with the Subpoena. *See In re New Eng. Compounding Pharm., Inc.*, No. 13-2419-FDS, 2013 U.S. Dist. LEXIS 161652, at *45-46 (D. Mass. Nov. 13, 2013) (overruling objection based on confidentiality concerns where confidentiality order already existed and adequately protected against public disclosure of sensitive information).

## BROAD SHOULD BE COMPELLED TO COMPLY WITH THE SUBPOENA

For the foregoing reasons, Plaintiff respectfully requests that this Court issue an Order compelling Broad to comply with the Subpoena within seven (7) days.

*            *            *

## CERTIFICATE OF COMPLIANCE WITH RULE 37.1

Plaintiff has complied with the procedures and requirements of Local Civil Rule 37.1. The parties conferred via telephone on at least two occasions concerning the Subpoena. Each phone call lasted approximately 10 minutes. Adam M. Apton, Esq., acted on behalf of Plaintiff during the telephone calls. Patrick Roath, Esq., acted on behalf of Broad during the telephone calls. In addition, Plaintiff's counsel sent Broad's counsel emails memorializing these conversations. Plaintiff's counsel most recently attempted to enforce the Subpoena against Broad on Thursday,

March 28, 2019. However, counsel for Broad indicated "there is [not] much to discuss at this point." *See* **Exhibit E**.

Dated: April 1, 2019

Respectfully Submitted,

LEVI & KORSINSKY, LLP

 s/ Shannon L. Hopkins
Shannon L. Hopkins
733 Summer Street, Suite 304
Stamford, CT 06901
Tel: 203-992-4523
Fax: 202-363-7171

     -and-

Adam M. Apton
LEVI & KORSINSKY LLP
1101 30th Street NW
Washington, D.C. 20007
Tel: (202) 524-4290
Fax: (202) 333-2121

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent via overnight delivery to those indicated as non-registered participants on April 1, 2019.

 s/ Shannon L. Hopkins
Shannon L. Hopkins